## 52005. R. D. v. STATE OF GEORGIA.

DEEN, Presiding Judge.

1. The juvenile court judge at a delinquency hearing sustained three seriatim hearsay objections to testimony of a deputy sheriff who was attempting to state what he had been told in explanation of why he went to investigate the building in question, and instructed the witness to state only what action he took as a result of the conversations. To the next question: "And as a result of your conversation did you then take any further action ...," the witness began by replying: "I was told that the person was R. . . D. . . that entered the building." Yet another objection followed and the court ruled: "I accept it for the sole purpose of explaining the officer's conduct, not for the truth or falsehood. . . I recognize that this is hearsay and cannot be considered for that purpose."

No reversible error is shown. Another ruling would be indicated if this were a jury case, but the court flatly stated he was rejecting all such testimony insofar as the truth of the facts stated was concerned. The ruling was proper under Code § 38-302. We need not go the presumption stated in *Ingram v. State,* 134 Ga. App. 935 (216 SE2d 608), that the court sitting without a jury considers only the legal evidence adduced, because here he definitely stated he was limiting his consideration to explanation of conduct, which was proper. In view of the explanation, no error appears.

2. R. D. was apprehended after one witness, who saw

a boy enter a building, saw the same boy leave about five minutes later, and another witness, who saw him leave the building but not enter it, identified him as the juvenile in question, whom she had known for some time. This was a sufficient identification. Testimony that the boy came and went on a bicycle was supported by production of the juvenile's bicycle. A conflict of evidence as to whether the bicycle had a back rest is a circumstance to be considered but did not demand a contrary conclusion. Testimony that the juvenile "bumped" the door and entered is supported by testimony that the door was locked and the building empty, that the lock may be forced back by inserting a knife or other object between door and jamb, and that marks on the door showed this had been done. Testimony that dollar bills left in a cash box in the refrigerator were missing is also a circumstance admissible to show intent to steal. The delinquency finding is supported by sufficient evidence.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

Submitted April 12, 1976 — Decided April 22, 1976.

*Johnson & Casper, Michael R. Casper,* for appellant.

*Jeff C. Wayne, District Attorney, Richard Lay,* for appellee.